IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDERICK GERARD LANE,

    Plaintiff,

v.                                                       CASE NO. 5:13-cv-340-WS-GRJ

SCOTT PAYNE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 3, Plaintiff's Motion for a Preliminary Injunction. Plaintiff initiated this civil rights case by filing a complaint. After screening the Complaint the Court has directed Plaintiff to amend his complaint to reflect only clearly related claims that stem from the same basic event or occurrence. The amended complaint is due on or before December 5, 2013.

In his Motion for a Preliminary Injunction, Plaintiff requests the Court to enter an order directing Defendants to refrain from: (1) "illegal" disciplinary hearings against non-English speaking inmates; (2) taking inmate's gain time without due process and equal protection; (3) discriminatory hiring practices within the institution; (4) bedding arrangements that deny inmates personal living space; and (5) issuing the inmate rule book solely in English. (Doc. 3.) Plaintiff requests that the Court issue an order requiring Calhoun C.I. staff (1) to provide inmates in disciplinary hearings "equal protection and due process against cruel punishment;" (2) provide inmates with institutional rules and procedures in Spanish and other languages; (3) provide inmates

with institutional staff that speak and understand the languages of the non-English speaking inmates; (4) provide all inmates with "state and federal standard personal living space;" (5) bring the hiring of staff "into compliance with state and federal law as to Blacks and Hispanic officers."

Plaintiff's motion for preliminary injunction is due to be denied because: (1) Plaintiff's claims are generalized and fail to demonstrate entitlement to relief on any of the "claims" in the motion; and (2) Plaintiff has failed to demonstrate how the Defendants challenged conduct has caused Plaintiff harm, as opposed to merely alleging possible injury in general to others.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997)*, citing United States v. Lambert,* 695 F.2d 536, 539 (11th Cir. 1983)*.* Guiding this discretion is the required finding that plaintiff establish:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

*Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000)*; Carillon Importers, Ltd.,* 112 F.3d at 1126*; United States v. Jefferson County,* 720 F.2d 1511, 1519 (11th Cir. 1983)*.* A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. *Jefferson County,* 720 F.2d at 1519,

citing *Canal Auth. v. Callaway,* 489 F.2d 567 (5th Cir. 1974)*.*

Plaintiff makes unrelated claims about several different issues in his motion. He makes generalized claims that prison officials have deprived non-English speaking inmates of due process by not providing inmate rules in the Spanish language and taking inmates gain time. Notably, Plaintiff does not allege that the lack of availability of Spanish language rules or the taking of gain time has personally deprived Plaintiff of due process or injured him personally in any way.

Plaintiff also alleges that inmates are being denied personal living space due to the bedding arrangements in the open bay housing, but Plaintiff has not alleged any injury from the bedding arrangements, let alone any substantial facts supporting a threat of irreparable injury, as required to issue a preliminary injunction.

Lastly, Plaintiff requests that the Court order Defendants to bring the hiring of staff "into compliance with state and federal laws as to Blacks and Hispanic officers." This generalized request is insufficient to demonstrate an entitlement to injunctive relief because Plaintiff has failed to identify the alleged state and federal laws that Defendants have not complied with in hiring staff. Additionally, Plaintiff has failed to allege how the alleged failure to comply with federal and state laws in hiring staff has caused him injury that is irreparable or how he would even have standing to challenge the hiring practices of the Department of Corrections.

In sum, Plaintiff has failed to carry his burden of persuasion on any of the four factors warranting injunctive relief with regard to any of his claims. Accordingly, Plaintiff's allegations are not sufficient to invoke the drastic remedy of a preliminary injunction.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion

Preliminary Injunction, Doc. 3, should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida this 5th day of November 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**