IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDERICK GERARD LANE,

    Plaintiff,

v.                                      CASE NO. 5:13-cv-340-WS-GRJ

SCOTT PAYNE, et al.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    This case is before the Court for an initial screening of Plaintiff's Amended Complaint (Doc. 11) pursuant to 28 U.S.C. § 1915(e).  Plaintiff has been granted leave to proceed as a pauper in this case, but has not paid the $2.33 initial partial filing fee required.  (Docs. 6, 12.)  Regardless, it is clear from a review of the amended complaint that Plaintiff lacks standing to bring his claim and, therefore, the complaint is due to be dismissed.

**I. Plaintiff's Allegations**

    Plaintiff previously was ordered to amend his complaint because his initial complaint conglomerated unrelated claims.  He has amended the complaint as required, and now alleges the single claim that non-English speaking inmates at Calhoun C.I. are receiving "write-ups" in English that they cannot understand, and that rule books are not being provided to these non-English speaking inmates in their native languages.  Plaintiff alleges that he asked security staff whether they had rule books in

Spanish or Creole, but none were produced. Plaintiff also alleges that there are no translators available when non-English speaking inmates have disciplinary hearings. Notably absent, however, from Plaintiff's Amended Complaint is any allegation that he has received "write-ups" that he cannot understand because he is a non-English speaking inmate or that he does not have access to a rule book in his own language.

As relief Plaintiff seeks monetary damages of $40,000 from each Defendant, declaratory judgment, and injunctive relief.

## II.  Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951-53 (2009.)

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

### III.  Discussion

**A.   Plaintiff Lacks Standing to Bring a Claim on Behalf of Other Inmates**

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Standing has two parts. It includes "Article III standing, which enforces the Constitution's case-or-controversy requirement, ... and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Id.* at 11-12. Thus, to demonstrate Article III standing, a party must show that: (1) he has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is unlikely, not speculative, that a favorable decision would redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). A plaintiff bears the burden of demonstrating that he meets these elements, and he must establish each of them for each claim he makes. *Id.* at 561.  If at any time a party fails to meet these requirements, the case no longer presents a live case or controversy and must be dismissed for lack of subject matter jurisdiction. *Florida Wildlife Federation, Inc. v. South Florida Water Mgmt. Dist.*, 647 f. 3d 1296, 1302 (11th Cir. 2011).

With regard to the limits of prudential standing, a party may not vindicate the

rights of a third party. *Harris v Evans*, 20 F. 3d 1118, 1121 (11th Cir. 1994). While a party ordinarily may not do so, he may present the claims of a third party in very limited circumstances.  In order to do so, a party must make three showings. First, the party must  show that he "has suffered an actual or threatened injury." *Id.* at 1122. Second, the party must demonstrate that a substantial relationship exists between himself and the third party. *Id.* at 1123.  Lastly, the party must show that the rights of the third party will be diluted or infringed if he is not permitted to enforce the third party's rights. *Id.* at 1124. Plaintiff cannot satisfy these requirements because Plaintiff has not alleged he has suffered harm, he has not alleged that is an inmate who understands only a foreign language and he has not demonstrated that those non-English language speaking inmates, who may have suffered an injury, cannot present their grievances to the court.

Plaintiff has failed to satisfy the first criteria because he does not allege that he is a non-English speaking inmate who has received "write-ups" that he cannot read due to his language proficiency. Nor has he alleged that he has not received rule books that he is unable to read because of lack of English language proficiency. Instead, Plaintiff's claim solely relates to the actual or threatened injury to non-English language speaking inmates and not to himself.

With regard to the relationship between Plaintiff and non-English language speaking inmates the only relationship is that they are inmates. There is no suggestion that the difficulties Plaintiff alleges are experienced by Spanish and Creole inmates are experienced by Plaintiff such that their interests coincide. Lastly, with regard to the third factor, "the court must ask 'whether it would be difficult if not impossible for the persons

*Case No: 5:13-cv-340-WS-GRJ*

whose rights are asserted to present their grievance before the court.'" *Fields v State of Florida, et al.,* no. 5:10cv16/MCR/MD, 2010 WL 750285, at *2 (N.D. Fla. Mar. 3, 2010)(*citations omitted*). There is no suggestion or allegation in the amended complaint that non-English language speaking inmates, who may be effected by the fact that write-ups and rules books are only in English, and not in Spanish or Creole, are prevented from bringing a claim. Consequently, Plaintiff cannot establish third party standing to bring this claim on behalf of other inmates at Calhoun C.I., and, therefore, the amended complaint is due to be dismissed. *See, e.g. James v. Adams*, No. 3:09-cv-915-J-34JRK, 2010 WL 51611642, at *8  (M.D. Fla. Dec. 14, 2010) ("Plaintiff's request for injunctive relief on behalf of CM prisoners housed at FSP is improperly before this Court.  Plaintiff cannot represent the interests of other inmates; they may initiate their own separate civil rights actions and seek relief.")

**B.     Plaintiff's Claim For Damages**

In addition to the fact that the case is due to be dismissed for lack of subject matter jurisdiction because Plaintiff lacks standing to bring claims on behalf of other inmates, Plaintiff cannot bring a claim for compensatory damages under the Prison Litigation Reform Act ("PLRA"). The PLRA provides in pertinent part "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  Plaintiff does not allege he has suffered any physical injury as a result of the Defendant's purported violations of the constitutional rights of others and, accordingly, Plaintiff's claim for monetary damages in the amount

of $40,000 from each Defendant, is due to be dismissed.

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that Plaintiff's Amended Complaint, Doc. 11, should be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida this 27th day of August 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**