IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FREDERICK GERARD LANE,

    Plaintiff,

v.                                                                                       CASE NO. 5:13-cv-340-WS-GRJ

SCOTT PAYNE, et al.,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's filing entitled "The Plaintiff Request for Voluntary Dismissal and Reply to this Court Report and Recommendation." (Doc. 15.) This Court construes this filing as both Petitioner's objections to the Report and Recommendation entered in this case, Doc. 14, and also as a "request" for voluntary dismissal.

With respect to Plaintiff's "request" for voluntary dismissal, it is governed by Rule 41(a)(1) of the Federal Rules of Civil Procedure, which provides in relevant part that dismissal:

    (1) By the Plaintiff

        (A)    *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            (i)    a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

            * * * *

Although Defendants have not filed an answer nor a motion for summary judgment in this case, the unilateral right of a plaintiff to dismiss an action is trumped where the action is subject to "any applicable federal statute."  This action is subject to the Prison Litigation Reform Act ("PLRA") and therefore a notice of voluntary dismissal under Rule 41(a)(1) is subject to the provisions in the PLRA relating to dismissal.  *Hines v. Graham, et al.*, 320 F. Supp 2d 511 (N.D. Tex. 2004); *Stone v. Smith*, 2009 WL 368620 (S.D. Fla. 2009).  This means that a prisoner cannot unilaterally dismiss a case for the purpose of avoiding the entry of an order of dismissal and avoiding a strike against the plaintiff based upon the dismissal.

In this case the Court already has screened Plaintiff's complaint and entered a report and recommendation, recommending dismissal of the Complaint because Plaintiff lacks standing to bring his claim.  (Doc. 14.)  If Plaintiff was permitted to voluntarily dismiss his case *after* the Court has screened the case and *after* the Court has determined that the Complaint is subject to dismissal, the purpose of the PLRA – to discourage prisoners from filing baseless suits – would be frustrated.  Thus, allowing a prisoner, like Plaintiff, to voluntarily dismiss a complaint after the screening process is completed would frustrate Congress' intent in enacting the PLRA.  *Hines,* 320 F. Supp. 2d at 526.  As the *Hines* court aptly observed:

> If a prisoner is allowed to dismiss his complaint without prejudice . . . after the magistrate judge has entered findings and conclusions which recommend summary dismissal of his complaint under §§ 1915, 1915A, or 1997e, the prisoner will not accumulate a "strike"; he will not have to weigh the merits of his complaint before filing because he can wait to let the court evaluate it for him; and he will be able to continue filing frivolous, malicious, and meritless complaints that unduly burden scare judicial resources." *Id. at* 527.

Accordingly, Plaintiff is not permitted to voluntarily dismiss this case without prejudice by filing a notice of voluntary dismissal. "The Plaintiff Request for Voluntary Dismissal and Reply to this Court Report and Recommendation," therefore, is due to be denied to the extent that Plaintiff wishes to voluntarily dismiss his case.

Alternatively, if the Court was to construe "The Plaintiff Request for Voluntary Dismissal and Reply to this Court Report and Recommendation" as a motion for voluntary dismissal, it is also due to be denied for the reasons discussed above.

## IV.  Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that "The Plaintiff Request for Voluntary Dismissal and Reply to this Court Report and Recommendation," Doc. 15, be **DENIED** and this case be **DISMISSED** for the reasons discussed in the Report and Recommendation, Doc. 14.

It is **FURTHER RECOMMENDED** that the Court should consider Plaintiff's objections in his filing "The Plaintiff Request for Voluntary Dismissal and Reply to this Court Report and Recommendation," in determining whether the Report and Recommendation should be adopted.

**IN CHAMBERS** in Gainesville, Florida this 26th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:13-cv-340-WS-GRJ*